UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EVELYN TZUL and EDGAR TZUL,

                                Plaintiffs,

      -against-

UNITED STATES OF AMERICA,

                                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

12-CV-804 (NGG) (JMA)

NICHOLAS G. GARAUFIS, United States District Judge.

On February 17, 2012, Plaintiffs Evelyn Tzul ("Evelyn") and Edgar Tzul ("Edgar") (collectively, "Plaintiffs") filed their Complaint against Defendant United States of America ("Defendant"). (See Compl. (Dkt. 1).) They assert claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), for personal injuries Evelyn sustained on September 8, 2010, when she tripped and fell on the public sidewalk abutting the United States Post Office at 419 McDonald Avenue in Brooklyn, New York. (See Compl. ¶ 12.) Following discovery, on January 23, 2014, Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Mot. for Summ. J. (Dkt. 24).) Plaintiffs opposed Defendant's motion. (Pls.' Opp'n (Dkt. 21).) The court referred the motion to Magistrate Judge Joan M. Azrack for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 10, 2014, Order (Dkt. 31).)

On August 14, 2014, Judge Azrack issued an R&R recommending that Defendant's motion be granted. (R&R (Dkt. 32).) Plaintiffs submitted an objection on August 26, 2014. (Pls.' Obj. (Dkt. 33).) Plaintiffs objected to Judge Azrack's determination that the crack in the sidewalk on which Evelyn allegedly tripped was too trivial as a matter of law to constitute a defective or dangerous condition under relevant law; specifically, Plaintiffs argued that Judge Azrack had erroneously "focuse[d] exclusively on the height differential of the subject crack."

1

(See id. at 1.)[1]  No other objections to the R&R were filed.  For the reasons explained below, Judge Azrack's R&R is ADOPTED IN FULL.

I.  **BACKGROUND**

The factual background to this case is set forth in greater detail in Judge Azrack's R&R. (See R&R at 2-4.)  The facts pertinent to this Memorandum and Order are as follows:

On the morning of September 8, 2010, Plaintiffs were walking with their two children on a public sidewalk abutting the post office located at 419 McDonald Avenue in Brooklyn, New York. (Id. at 2.)  Evelyn was walking two feet behind Edgar and the children. (Id.)  Evelyn, who was wearing sneakers with a two-inch sole, was walking slowly and was looking straight ahead, not down at the sidewalk. (Id.)  She "hit something" and tripped and fell; after she fell, she identified a crack in the sidewalk as the object she had hit. (Id.)  She was in pain and unable to walk. (Id. at 3.)  Edgar called an ambulance, which drove Evelyn to the hospital; when Evelyn arrived, doctors diagnosed her with a broken foot. (Id.)

Within a few weeks of the incident, in September 2010, Plaintiffs had a private investigator take photographs of the area of the sidewalk where Evelyn fell. (Id.; see Merchant Decl., Ex. G (Dkt. 25-7).)  On April 6, 2013, Plaintiffs had another set of photographs taken. (R&R at 3; see Vilensky Decl., Ex. D (Dkt. 21-6).)  Both sets of photographs show a crack in the sidewalk; in Judge Azrack's view, the crack appears slightly larger in height in the photographs taken in April 2013 than in the set taken in September 2010. (R&R at 3; compare Merchant Decl., Ex. G, with Vilensky Decl., Ex. D.)

The United States Postal Service Acting Manager of Safety for the Triboro District, Michelle Dredger ("Dredger"), measured the crack at issue on January 25, 2013. (R&R at 3.)

---

[1] Where documents cited in this Memorandum and Order are not otherwise paginated, pin citations refer to the page number assigned by the court's electronic filing system.

She measured the height differential to be slightly less than one inch at its highest point; however, Plaintiffs point to the photographs they had taken in April 2013 in support of the contention that the actual height differential was slightly greater than one inch. (Id. at 3-4.) They argue that when Dredger measured the crack in January 2013, there was no grass growing in the crack; however, on both the date of Evelyn's injury and April 6, 2013, grass was contained in the crack, increasing the height differential as compared to Dredger's measurements. (Id. at 4.) Like Judge Azrack, the court adopts Plaintiffs' allegations concerning the height of the crack differential, as the non-moving parties on a motion for summary judgment. (See id. at 4 n.3, 8); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000) ("[T]he court must draw all reasonable inferences in favor of the nonmoving party.").

On the day of Evelyn's fall, there were "a lot of people" on the sidewalk, "walking their kids back and forth." (R&R at 4 (quoting Merchant Decl., Ex. C (Dkt. 25-3) at 36:8-12) (internal quotation marks omitted); see also Def.'s Reply 56.1 Statement (Dkt. 28) ¶ 11.) It was sunny (R&R at 10; Merchant Decl., Ex. D (Dkt. 25-4) at 31; Def.'s Reply 56.1 Statement ¶ 14), and nothing was obstructing Evelyn's view of the crack or the sidewalk generally (Merchant Decl., Ex. F (Dkt. 25-6) at 45-47; Def.'s Reply 56.1 Statement ¶ 14).

## II. STANDARD OF REVIEW

When a district court receives timely objections to a magistrate judge's R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To obtain this de novo review, an objecting party or parties "must point out the specific portions of the report and recommendation to which they object." U.S. Flour Corp. v.

Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). Portions of the R&R to which a party makes no objection are reviewed for clear error. U.S. Flour Corp., 2012 WL 728227, at *2.

## III. DISCUSSION

### A. Summary Judgment Standard

To the extent de novo review is required, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden of making this showing rests upon the party moving for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Once the moving party has met its initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party, in order to defeat the motion, "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-moving party "must set forth specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. Anderson, 477 U.S. at 250. Summary judgment should be granted if the record lacks "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249. The court "must examine the evidence in the light most favorable to,

and draw all reasonable inferences in favor of, the non-movant . . . ." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002).

**B.    Judge Azrack's Conclusions**

   1.   Governing Law

As a preliminary matter, Judge Azrack determined that New York's negligence law governs this FTCA action. (R&R at 6 n.4.) As such, to put forth a prima facie case, Plaintiffs must establish: "(1) a duty owed by the defendant to the plaintiff[s], (2) a breach thereof, and (3) injury resulting therefrom." (R&R at 6 (quoting Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985)) (internal quotation marks omitted).) This was not objected to and is not clearly erroneous.

   2.   Duty of Care

Next, Judge Azrack concluded that Defendant did owe Plaintiffs a duty of care. (R&R at 7.) Although ordinarily "'liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land'" (R&R at 6 (quoting Gyokchyan v. City of New York, 965 N.Y.S.2d 521, 523 (App. Div. 2013))), she found that a local ordinance imposes a duty of care on Defendant to "maintain the abutting sidewalk in 'a reasonably safe condition'" (R&R at 7 (quoting N.Y. City Admin. Code § 7-210(a)). This, too, was not objected to and is not clearly erroneous.

   3.   Breach

Finally, Judge Azrack recommended that Defendant's motion for summary judgment be granted because, as a matter of law, Plaintiffs could not establish that Defendant had breached its duty of care. (See R&R at 8, 10-11.)

In this context, a breach of the duty of care requires that the defendant either created or had actual or constructive notice of a dangerous or defective condition that caused the plaintiff's injuries; therefore, absent a defective or dangerous condition, there can be no breach. (See id. at 7 (citing Touri v. Zhagui, No. 06-CV-00776 (SCR) (JFK), 2010 WL 779335, at *3 (S.D.N.Y. Mar. 5, 2010)).) Although "[w]hether a dangerous or defective condition exists depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury," "a property owner may not be held liable in damages for trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection." Marinaccio v. LeChambord Rest., 667 N.Y.S.2d 395, 396 (App. Div. 1998) (citations and internal quotation marks omitted). When, after an "examination of all the facts and circumstances presented," "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury," the court concludes that an alleged defect is too trivial to be actionable, summary judgment is appropriate. See Trincere v. Cnty. of Suffolk, 688 N.E.2d 489, 490 (N.Y. 1997) (affirming Appellate Division's dismissal of claim after such an examination); Marinaccio, 667 N.Y.S.2d at 396-97 (upholding grant of summary judgment because photographs supported Supreme Court's conclusion that alleged defect was too trivial to be actionable); see also Hecht v. City of New York, 454 N.E.2d 527, 529 (N.Y. 1983) (upholding Appellate Division's dismissal of negligence complaint because gap in sidewalk was trivial and therefore not actionable). Judge Azrack concluded that, based on the undisputed facts and all the evidence submitted,[2] viewed in the light most favorable to Plaintiffs, the crack at issue was too trivial to constitute a dangerous or defective condition.

---

[2] Defendant argued that the photographs Plaintiffs had taken in April 2013 would be inadmissible at trial and therefore should not be considered in deciding the motion. (See Def.'s Reply 56.1 Statement ¶¶ 21, 24.) Judge

6

Plaintiffs object to Judge Azrack's determination that the crack in the sidewalk was too trivial to be actionable. (See Pls.' Obj.) Specifically, Plaintiffs aver that Judge Azrack improperly focused "exclusively on the height differential of the subject crack in finding that the crack was too trivial," rather than considering the "totality of the facts presented including the width, depth, elevation, irregularity and appearance" of the crack in the sidewalk. (See id. at 1 (citing Trincere, 688 N.E.2d 489).) This is simply not the case. In fact, Judge Azrack rejected Defendant's argument that the height of the crack differential alone provided a sufficient basis for summary judgment. (R&R at 8 ("I reject defendant's argument that a one-inch crack differential is *per se* trivial and not actionable. As the New York Court of Appeals made clear in Trincere, '[t]here is no rule that [tort] liability, in a case involving minor defects in the pavement, turns upon whether the hole or depression, causing the pedestrian to fall, is four inches, or any other number of inches, in depth . . . .'" (internal quotations marks and citations omitted)).) Moreover, it is clear from the R&R that Judge Azrack considered the totality of the facts presented, and not simply the height differential. In addition to the height differential, she also considered the "width of the defect, as well as the time, place, and circumstances of the injury," such as the fact that "[t]he incident occurred in broad daylight on a public sidewalk, and there is no allegation that there was water, snow, or any other slippery substance on the sidewalk." (R&R at 10 (internal quotation marks omitted).) Thus, Plaintiffs' objection is overruled.

Additionally, this court agrees with the conclusion of Judge Azrack. Upon consideration of the totality of the undisputed facts and the evidence submitted, including photographs

---

Azrack did not make a recommendation regarding the admissibility of these photographs, because she found it unnecessary: even relying on them, the alleged defect was too trivial to be actionable. (See R&R at 8 n.5.) For the same reason, this court also finds it unnecessary to rule on the admissibility of the photographs taken in April 2013.

illustrating[3] and deposition testimony regarding[4] the overall condition of the crack (including its height, width, any irregularity, and the presence or lack of vegetation) and the surrounding sidewalk, weather conditions on the day at issue, and the number of pedestrians nearby, and adopting Plaintiffs' view of the height of the crack, see Marvel Characters, 310 F.3d at 286, the crack in the sidewalk is too trivial as a matter of law to constitute an actionable defective or dangerous condition. See, e.g., Morris v. Greenburgh Cent. Sch. Dist. No. 7, 774 N.Y.S.2d 74, 75 (App. Div. 2004); Neumann v. Senior Citizens Ctr., Inc., 710 N.Y.S.2d 382, 383 (App. Div. 2000); see also Czochanski v. Tishman Speyer Props., Ltd., 45 F. App'x 45, 47 (2d Cir. 2002) (summary order) (noting that there is no liability under New York law for "'trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection'" and noting that New York courts "often rely on the judge's examination of photographs to determine whether a defect is trivial as a matter of law" (citation omitted)).

---

[3] See Vilensky Decl., Ex. D; Merchant Decl., Ex. G.

[4] See, e.g., Vilensky Decl., Ex. B (Dkt. 21-4) at 40-53; Merchant Decl., Ex. C at 9; Merchant Decl., Ex. D at 31; Merchant Decl., Ex. E (Dkt. 25-5) at 43-50; Merchant Decl., Ex. F at 45-47.

## IV. CONCLUSION

As explained above, the court agrees with Judge Azrack that the crack in the sidewalk at issue in this case is too trivial to constitute a defective or dangerous condition giving rise to liability under New York law. As to the other portions of the R&R, the court finds no clear error. Therefore, the R&R is ADOPTED IN FULL and Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 21, 2014

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge